**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

ESTEFAN ENTERPRISES, INC.,
a Florida corporation,

        Plaintiff,

v.                                         CASE NO. 8:05-cv-00810-T-17-TGW

COCO BONGO, INC.,
a Florida corporation,

        Defendant.
_____/

## ORDER

This cause is before the Court on Plaintiff's, ESTEFAN ENTERPRISES, INC., objections to the Magistrate's Report and Recommendation dated February 23, 2007 (Doc. 52).

## BACKGROUND/ PROCEDURAL HISTORY

On April 28, 2005, Plaintiff, Estefan Enterprises, Inc., ("EEI"), filed a complaint for damages and injunctive relief for trademark infringement in this Court against defendant, COCO BONGO, INC., ("Coco Bongo") (Doc. 1). EEI contended that Coco Bongo's use of the name "COCO BONGO" to identify itself as a Latin-themed nightclub and bar infringed on EEI's registered BONGOS CUBAN CAFÉ mark (Doc. 1). Despite service of Summons and Complaint upon Coco Bongo, the defendant failed to plead or defend against EEI's action (Doc. 9). Consequently, upon motion by EEI, the Clerk entered a default judgment against Coco Bongo on July 28, 2005 (Doc. 9, Doc. 10). On September 7, 2005, this Court issued a permanent injunction against Coco Bongo, its agents, officers, servants, employees, successors, assigns, and

all others in privity with Defendant to prevent them from using the "COCO BONGOS" name and various derivations thereof (Doc. 12). On September 22, 2005, EEI served a request for the production of documents to defendant on its officers (Doc. 52-2). The request sought documents to establish and verify sales "including but not limited to invoices and sales records" and gross revenue "including but not limited to documents prepared by or for accountants, and corporate books and records reflecting revenues" for the past five years (Doc. 52-2). EEI also served interrogatories to defendant and its officers that requested statements of "the amount of all sales in the last five (5) years by Coco Bongo, Inc." and "the amount of Coco Bongo Inc.'s annual gross revenue receipts" (Doc. 52-2). EEI did not receive responses to either of their requests within the time prescribed by Rules 33 and 34 of the Federal Rules of Civil Procedure (Doc 52). However, EEI did not move this Court to compel answers to its discovery requests pursuant to Rule 37 (Doc 52).

Following the issuance of the injunction, Coco Bongo continued to utilize the COCO BONGO name on a sign displayed outside the nightclub and via the Internet (Doc. 15). On October 21, 2005, EEI filed a motion for order to show cause why Coco Bongo and its agents and officers should not be held in contempt of court for violating the September injunction (Doc. 13). This Court issued an order to show cause, yet defendant and its officers failed respond to the order (Doc. 14). Noncompliance with the injunction continued, and on December 20, 2005, EEI moved for sanctions against Coco Bongo and its officers (Doc. 15).

On January 23, 2006, this Court imposed the following sanctions against Coco Bongo and its officers Edwin Gomez ("Gomez") and Giovanny Santa Cruz ("Santa Cruz"), for violating the September injunction:

> (1) a per diem fine of $1,000.00 until such time as Defendant complies with the Court's injunction; (2) an accounting of Defendant's profits since the date of entry of the

      injunction so that compensatory damages may thereafter be assessed; and (3) an award of reasonable attorney's fees and costs incurred as a result of Defendant's willful violation of this Court's injunction to be determined and assessed upon Defendant's compliance with the Court's injunction" (Doc. 16).

However, use of the COCO BONGO name continued (Doc. 19). EEI filed a second motion for sanctions against Coco Bongo on March 24, 2006, seeking an order to show cause why Gomez and Santa Cruz should not be incarcerated for their continued violation of the injunction (Doc. 19).

Gomez, made an appearance in April 2006 and filed a motion to vacate the sanctions imposed against him (Doc. 20). Gomez alleged that (1) he was merely a passive investor in the defendant company, (2) he was unaware of the injunction until February 2006, and (3) he acted swiftly to gain compliance once he became aware of the injunction (Doc. 20, Doc. 27-5). Moreover, in an affidavit submitted April 12, 2006, Gomez averred that the offending sign at the Tampa nightclub had been changed from "COCO BONGO" to "COHIBA'S LOUNGE" (Doc. 26-2, Doc 26-4). EEI's response to Gomez's motion withdrew its request for incarceration, and opposed Gomez's requested relief from the Court's order imposing sanctions. (Doc. 28).

This Court, under the authority of 28 USC §636(b)(1)(B), Rule 72 of the Federal Rules of Civil Procedure, and Rule 6.02, Local Rules of the Middle District of Florida, referred Gomez's motion to vacate the sanctions imposed upon him, and EEI's second motion for sanctions to the Honorable Thomas G. Wilson, United States Magistrate Judge, by Order of Referral dated May 31, 2006 (Doc. 31).

## STANDARD OF REVIEW

Under the Federal Magistrate's Act, Congress vested Article III judges with the power to authorize a United States Magistrate to conduct hearings so that the Magistrate may make findings of fact based on arguments and evidence submitted by both parties. 28 U.S.C. § 636 (2006). The Magistrate must then submit his or her proposed facts and recommendations to the assigning Article III judge. 28 U.S.C. § 636(b)(1)(B). Within ten days after being served with a copy of the report and recommendation, ("R&R"), any party may file timely, specific, written objections to the R&R. Id.

If objections to the report are submitted, the assigning Article III judge "shall make a *de novo* determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). After conducting review of the report in light of the objections, the assigning judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate." Id. Furthermore, the assigning judge "may also receive further evidence or recommit the matter to the Magistrate with instructions." Id.

## DISCUSSION

After considering the parties submissions and oral arguments, on February 23, 2007 the Magistrate filed a Report and Recommendation (R & R) (Doc. 49). The Magistrate recommends that Coco Bongo and Santa Cruz jointly be ordered to pay $77,000.00 to the court's registry and $28,416.04 to EEI for attorneys' fees and costs incurred as a result of violation of the injunction (Doc 49). He also finds that Coco Bongo complied with the plain language of this Court's January 23, 2006, order and produced an accounting of its profits. In light of the settlement EEI reached with Gomez, the Magistrate recommends denying EEI's Motion for Additional

Sanctions to Coerce Compliance with this Court's injunction Dated September 7, 2005 (Doc. 19) and Edwin Gomez's Cross Motion to Vacate Sanctions (Doc. 27) as moot (Doc. 49).

On March 12, 2007, EEI filed its Objections to the Magistrate's Report and Recommendation (Doc. 52). Specifically, EEI objects to the Magistrate's reduction of its requested hourly rates, the Magistrate's acceptance of Coco Bongo's sales and summary report as complying with the injunction, and his failure to address their fraudulent transfer allegations.

I. *EEI's objection to the reduction of its counsel's hourly rate*

Resulting from the Coco Bongo's repeated violation of this Court's injunction, this Court awarded attorney's fees and costs to EEI (Doc. 16). In a declaration in support of the award, Karen L. Stetson (Ms. Stetson), counsel for EEI, stated that EEI had incurred attorney's fees of $34,862.25 (Doc. 44). After reviewing the declaration, the Magistrate recommended that the Court award EEI attorney's fees totaling $23,852.50 (Doc. 49). EEI objects that the Magistrate "improperly reduced counsel's hourly rates because they "seemed higher" than fees charged in Tampa." (Doc. 52 p.3 ¶ 1). In EEI's words, the Magistrate gave no basis for the rate reduction.

While the amount of attorney's fees EEI seeks is uncontested, a district court may reduce an unopposed fee award; although "[a judge] cannot substitute his own judgment for uncontradicted evidence, without explanation and record support . . . he does not have to accept uncontradicted evidence if there is a reason for rejecting it." NAACP v. City of Evergreen, Ala., 812 F.2d 1332, 1333 (11th Cir. 1987) (citations omitted). Still, district courts have wide discretion in determining reasonable hourly rates, and the court itself may consider its own knowledge and expertise when deciding what constitutes a reasonable and proper fee. Norman v. Hous. Auth. of City of Montgomery, 836 F.2d 1292, 1303 (11th Cir. 1988).

Furthermore, a reasonable hourly rate is *the prevailing market rate where the suit was filed*. See American Civil Liberties Union of Ga. v. Barnes, 168 F.3d 423, 437 (11th Cir. 1999) (emphasis added). The fee applicant bears the burden of establishing the prevailing market rate, and must present the court with specific and detailed evidence to carry that burden. NAACP, 812 F.2d at 1338. Indeed, if a fee applicant seeks non-local rates, the applicant must show a lack of attorneys practicing in the market where the case was filed who were willing or able to handle the claim. Id.

In support of its fee application, EEI submitted the declaration of Ms. Stetson. However, as the Magistrate noted, the fee statement in the declaration is conclusory and fails to evidence the market rate in Tampa; nor does the declaration address any extraordinary skill and experience to consider in addressing the reasonableness of its counsel's rates. Norman, 826 F.2d at 1299 (stating that satisfactory evidence of prevailing market rate at a minimum is more than affidavit of the party's attorney). The declaration states "EEI has incurred approximately $34,862.25 in legal fees . . . [t]he hourly rates this firm has charged EEI are customary and reasonable in this jurisdiction." (Doc. 44 ¶ 3).

In its objection, EEI still fails to establish whether the requested rates are in accord with the prevailing market rate in Tampa, or indicate counsel's legal skill and experience. Likewise, EEI does not clarify whether "this jurisdiction" indicates Tampa, or where its counsel's firm is located, Miami (although as EEI has not shown a lack of attorney's willing or able to take the case in Tampa, the Miami point is moot). Since EEI offered no support as to the Tampa market rate, EEI simply did not meet its evidentiary burden from which the Magistrate could objectively find that the rates charged were reasonable in the Tampa market.

Accordingly, the Magistrate did not reduce counsel's rates "without basis." When "faced with inadequate fee applications or with claims for hours or fee rates which seem excessive . . . the court either trial or appellate is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." Norman, 836 F.2d at 1303. Ms. Stetson's unsupported declaration, coupled with the fact that the court may use its own knowledge and expertise in determining fees were reason enough for the Magistrate to lower the hourly rate when calculating the lodestar. See Norman, 836 F.2d at 1304 (finding district court was correct in relying on own expertise in determining reasonable hourly rate when affidavits supporting fee application were inadequate).

After explaining why he would rely on the court's expertise in determining a reasonable hourly rate, the Magistrate determined that in his experience the rates charged to EEI were excessive in comparison to rates charged by trademark attorneys practicing in this district. Using the hourly rate he determined to be reasonable, the Magistrate calculated the rates into the lodestar and reached $23,852.50. The magistate's recommendation awarding EEI $4,563.54 in costs and expenses has not been objected. Consequently, this Court agrees with the Magistrate's recommendation as to EEI's reasonable attorney's fees and costs totaling $28,416.04.

II. *EEI's objections as to the adequacy of Defendant's accounting figures*

As to the issue of compensatory damages, EEI has not made a specific objection to the Magistrate's recommendation that it treat its $10,000.00 settlement with Gomez as compensatory damages, rather than counting the sum toward attorney's fees and costs. Rather, EEI objects to the Magistrate's finding that the accounting figures submitted by Gomez and

purported to be a summary of sales and expenses for Coco Bongo complied with the plain language of this Court's January 23, 2006, contempt order.

District Courts have broad discretion in fashioning civil contempt remedies. See Howard Johnson Co., Inc. v. Khimani, 892 F.2d 1512, 1519 (11th Cir.1990); Abbott Labs. v. Unlimited Bevs., Inc., 218 F.3d 1238 (11th Cir. 2000). In cases of contempt, where the underlying action is for infringement under the Lanham act and judgment has been issued, a court may award the infringer's profits. Abbott Labs., 218 F.3d at 1242 (district court could award plaintiff disgorgement of defendant's profits where defendant is found in contempt). In fashioning civil sanctions if the plaintiff's damages are "difficult to calculate, the court may disgorge the party in contempt of any profits it may have received." Id. citing Wesco Mfg. v. Trop. Attracts. of Palm Beach, Inc., 833 F.2d 1484, 1487-88 (11th Cir. 1987).

Indeed, when structuring civil sanction remedies in trademark infringement actions, district courts may use the Lanham act as a guide. Howard Johnson Co. Inc., v. Khimani, 892 F.2d 1512, 1519 (11th Cir. 1990). "[A] plaintiff need not demonstrate actual damage to obtain an award reflecting an infringer's profits under § 35 of the Lanham Act." Burger King v. Weaver, 169 F.3d 1310, 1321 (11th Cir. 1999). The infringer's gross sales minus claimed elements of cost yields the appropriate sum from which the court may award the trademark holder the infringer's profits. 15 U.S.C. § 1117(a) (2006); Nutrivida, Inc. v. Inmuno Vital, Inc., 46 F.Supp. 2d 1310, 1315 (S.D. Fla 1998). A plaintiff need only establish the infringer's gross sales, it is the defendant's burden to disprove gross profit calculations and prove "any costs that should be deducted from the gross revenue of the sales." Nike Inc. v. Variety Wholesalers, Inc., 274 F.Supp.2d 1352, 1372 (S.D. Ga. 2003) aff'd by Nike, Inc. v. Variety Wholesalers, Inc., 107 Fed.Appx. 183 (11th Cir. 2004).

Thus, the Court ordered an accounting of defendant's profits from which compensatory damages could be assessed. Although EEI's burden is to show Coco Bongo's gross sales, EEI

contends that it was unable to "ascertain with any degree of reliability" Coco Bongo's sales, because the Magistrate impeded its ability to verify sales figures provided by Gomez (Doc. 52). However, a calculation of the sales reflected in the summary of sales and expenses Gomez produced indicates that Coco Bongo's gross sales from September 2005 though April 2006 amounted to $86,784.50 (Doc. 40-5). Neither the defendant corporation nor Gomez or Santa Cruz offered any evidence as to deductions or costs that would reduce the $86,784.50 figure.

Nevertheless, EEI, seemingly unsatisfied with the $86,784.50 figure, asserts that it "was denied an opportunity to refute the accounting" (Doc. 52). Specifically, rather than respond to the November order with the sales and expenses summary and present supporting law in its memorandum as to disgorgement of profits for contempt in trademark cases, EEI sought to compel the production of Coco Bongo's business ledger, credit card records, and corporate tax returns (Doc. 45). The Magistrate denied this request as per his previous advisement that he would not authorize further discovery in this matter.

This Court has no issue with the Magistrate's denial of EEI's the motion to compel. Under the Federal Rules of Civil Procedure, all unprivileged matters relevant to the claims and defenses of any party are discoverable. Fed.R.Civ.P. 26(b)(1). District courts have wide discretion in managing discovery and making discovery rulings; however the "liberal spirit of the [Federal] Rules" must be adhered to in all discovery rulings. Adkins v. Christie, 2007 WL 1673510 (11th Cir. 2007). In this case, the denial of EEI's motion does not veer from the spirit of the Rules, nor can it be regarded as denying EEI the ability to verify its claims.

As EEI noted in its objection, the Lanham act allows for disgorgement of profits as relief in trademark infringement claims (Doc. 52). Knowing this, after the issuance of judgment against Coco Bongo and the issuance of a permanent injunction, EEI served a request for

production of documents and interrogatories to Coco Bongo, Gomez, and Santa Cruz on September 22, 2005 (Doc. 52-2). EEI's 2005 discovery requests asked for (1) "all documents that establish and verify all sales in the last five years" and (2) "all documents that establish or verify Coco Bongo Inc's annual gross revenue receipts . . . including documents prepared by or for accountants, and corporate books and records reflecting revenues" id. However, neither answers to the interrogatories nor the documents requested were submitted within the time prescribed by Rules 34 and 33 (Doc 52).

EEI argues that it cannot be faulted for failing to file motions to compel for its initial discovery requests, because the opposing party is "recalcitrant." Such an argument fails to sway this Court. According to its own objection, EEI received no response to its requests (Doc. 52). Yet the record does not show EEI moved the court pursuant to Rule 37 to compel answers from the defendants before the case was referred to the Magistrate. Extensive sanctions are available to courts under Rule 37 and courts have broad discretion in imposing Rule 37 sanctions. United States v. One 1999 Forty Seven Foot Fountain Motor Vessel, 240 F.R.D. 695 (S.D. Fla. 2007) (citations omitted).

However "recalcitrant" the opposing party, Rule 37 is a mechanism that allows the courts to coerce cooperation in discovery. Indeed, even if sanctions and penalties imposed under rule 37 do not induce cooperation, the rule still allows the aggrieved party to create a record of good faith attempts to secure its discovery. The defendants "recalcitrance" now identified as a reason for not pursuing discovery did not dissuade EEI from filing a motion to hold the defendants in contempt, a motion for sanctions for violating the injunction, and a motion for an order to show cause why Coco Bongo's officers should not be incarcerated.

Although no motions to compel for its September discovery attempts were filed, EEI noted in its December 20, 2005 motion for sanctions that defendant did not respond to its requests (Doc. 15). The relevant part states:

> With regard to the Defendant's profitability, which is a factor the Court should consider in assessing an appropriate sanction, Plaintiff propounded discovery requests to Defendant in September directed to that very issue so that Plaintiff would then be in a position to seek disgorgement of profits as compensatory damages in accordance with the Lanham Act…Defendant, however failed to respond to Plaintiff's discovery requests in any manner. It is difficult therefore, to assess the contemnor's financial resources without that information and, in turn, what amount would likely coerce compliance by Defendant or compensate the Plaintiff.

To that effect, EEI requested an accounting of Coco Bongo's profits.

This Court's order required "an accounting of defendants profits from the date of the injunction so that compensatory damages may thereafter be assessed." In the R&R, the Magistrate noted that the summary and sales figures Gomez produced complied with the plain language of the order, and that plaintiff's contentions with the accounting rest on the lack of back-up documentation for the calculations. Given that the record does not reflect EEI pursuing its discovery requests in the three months between the issuance of the accounting order and the referral of the case, it appears EEI relied on an assumption that defendant would produce the exact documents and information requested in both its September 2005 discovery requests and subsequent July 27, 2006, deposition of Santa Cruz.

EEI's contention with the documentation produced by Gomez and Santa Cruz is the result of its own slapdash discovery approach. A Plaintiff that could reasonably anticipate the need for discovery on an issue must bear the consequences of conducting discovery piecemeal. See Ray v. Bird & Son & Asset Realization Co., Inc., (5th Cir. 1975) (finding that the district court did not abuse its discretion in denying further discovery on plaintiff's claim where two months after notice of a motion plaintiff made no effort to attempt discovery except for filing

three interrogatories.); Aviation Specialties, Inc. v. United Techs Corp., 568 F.2d 1186 (5th Cir. 1978); Hinson v. Clinch County, Ga Bd. of Ed., 231 F.3d 821 (11th Cir. 2000) (district court did not abuse its discretion in denying plaintiff's motion to compel due to delay in bringing motion).

EEI enjoyed a total of seven months between the issuance of the injunction, and the referral of the case to the Magistrate. Three months before this case was referred to the Magistrate, this Court issued its January 23, 2006, contempt order granting EEI an accounting of Coco Bongo's profits. At no time during the seven months did EEI move the Court to compel the production of Coco Bongo's financial documents or the submission of answers to its interrogatories. Even operating under the assumption that defendant would produce the documents from which it made profit calculations, there is the question of how EEI thought it could verify those anticipated figures and documents without the information sought in its September 2005 requests.

To make its claim before the Magistrate EEI had (1) the summary of sales and expenses totaling $86,784.50 in gross profit, (2) Coco Bongo's checkbook records from the date of the issuance of the injunction until compliance, and (3) Coco Bongo's cash receipts. Aside from the tardiness of EEI's motion to compel, a court may deny a motion compelling further discovery where ample opportunity for discovery has been afforded and it appears that further discovery would not be helpful in resolving the issues. See Avirgan v. Hull, 932 F.2d 1572, 1580 (11th Cir.1991); Iraola & CIA, S.A. v. Kimberly-Clark Corp., 325 F.3d 1274 (11th Cir. 2003).

The Magistrate's November 20, 2006, order asked that EEI submit any evidence and supporting memorandum with respect to compensatory damages (Doc. 42). Instead of submitting its evidence, EEI filed a motion to compel Santa Cruz to produce the documents demanded in its subpoena. EEI's motion to compel, though stemming from Santa Cruz's deposition, involved information originally requested in September 2005. In light of these facts, this Court agrees with the Magistrate that the accounting Gomez provided complied with the plain language of the order and that EEI's motion to compel was properly denied.

This Court however, does not agree with the Magistrate's report insofar as it uses Coco Bongo's net profit rather than gross sales for the purposes of assessing compensatory damages.

See 15 U.S.C. § 1117(a) (2006); Howard Johnson Co. Inc., v. Khimani, 892 F.2d 1512, 1519 (11th Cir. 1990); Abbott Laboratories v. Unlimited Beverages, Inc., 218 F.3d 1238, 1242 (11th Cir. 2000); Nutrivida, Inc. v. Inmuno Vital, Inc., 46 F.Supp. 2d 1310, 1315 (S.D. Fla 1998); Nike Inc. v. Variety Wholesalers, Inc., 274 F.Supp.2d 1352, 1372 (S.D. Ga 2003). An accounting under the Lanham act is equitable relief and the district court may award a compensatory sum that seems just in light of the circumstances of the case. 15 U.S.C. § 1117(a) (2006). In view of the fact that Gomez submitted accounting that showed $86,784.50 of gross profit and defendant has not attempted to prove deductions, it is appropriate to award EEI $13,000.00, roughly fifteen percent of Coco Bongo's gross profit.

Concerning EEI's objection to the Magistrate's order insofar as it does not address the fraudulent transfer allegation, EEI is correct in that the matter was not referred to the Magistrate. Furthermore, the case law EEI has supplied the Court are cases in which a party made a motion as to the fraudulent transfer. As no motion has been made, this Court declines to address the issue. If either the Defendant or Gomez fail to render payment due EEI, plaintiff may then seek all remedies to collect this Court's judgment.

## CONCLUSION

In light of EEI's objections, this Court adopts the Magistrate's recommendations in full and modifies his findings in part. The Magistrate's recommendation that Coco Bongo and Santa Cruz jointly be ordered to pay EEI $28,416.04 for attorney's fees and costs, and to pay the court's registry a $77,000.00 sanction is supported in the record. This Court finds that the Magistrate's finding that the summary of sales and expenses submitted by Gomez complied with the plain language of its January 23, 2006, contempt order is correct and supported by the evidence. However, this Court finds that Coco Bongo and Santa Cruz should be jointly ordered to pay EEI $13,000.00 in compensatory damages. Furthermore, the record supports the Magistrate's recommendation that EEI's Motion for Additional Sanctions to Coerce Compliance

with Court's Injunction Dated September 7, 2005 (Doc. 19) and Edwin Gomez's Cross Motion to Vacate Sanctions (Doc. 27) should be denied as moot. Accordingly it is,

**ORDERED** that the motion for sanctions (Doc. 19) and the motion to vacate sanctions (Doc. 27) be denied as moot; Plaintiff's objections (Doc. 52) to the Report and Recommendation dated February 23, 2007 (Doc. 49) be **OVERRULED**; the report and recommendation be **ADOPTED as modified** and **INCORPORATED BY REFERENCE HEREIN**; the Plaintiff be **AWARDED** $13,000 in compensatory damages and $28,416.04 for attorney's fees and costs.

**DONE AND ORDERED** in chambers in Tampa, Florida, this 24th day of July, 2007.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All parties and counsel of record.